**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| EVERYSCAPE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ |
| | ) | |
| ADOBE SYSTEMS INCORPORATED | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff EveryScape, Inc., ("EveryScape"), formerly known as Mok3, Inc. ("Mok3"), by its attorneys, alleges as follows for its Complaint for Patent Infringement against Defendant Adobe Systems Incorporated. ("Adobe").

### JURISDICTION AND VENUE

1.      This action is for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the patent infringement cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Under 28 U.S.C. §§ 1391 and 1400, venue in this judicial district is proper because Defendant conducts continuous and systematic business in this district, advertises in this district, is subject to personal jurisdiction in this district, has caused the injuries complained of herein in this district, and/or is present in this district.

## PARTIES

3.     Plaintiff EveryScape is a Delaware corporation having its principal place of business at 65 Chapel Street, Newton, Massachusetts 02458.

4.     Defendant Adobe is a Delaware Corporation with its corporate headquarters located at 345 Park Avenue, San Jose, California 95110. Adobe designs, develops, offers for sale and sells nationwide software products, including its family of Adobe PHOTOSHOP software, including substantial sales in this judicial district.

## BACKGROUND

5.     EveryScape is the assignee of, owns all right, title and interest in, and has standing to sue and recover damages for infringement of, United States Patent No. 7,327,374 ("the '374 Patent"), which was duly and legally issued on February 5, 2008, for an invention entitled Structure-Preserving Clone Brush.  A copy of the '374 patent is attached to this Complaint as Exhibit A.

6.     EveryScape is also the assignee of, owns all right, title and interest in, and has standing to sue and recover damages for infringement of, United States Patent No. 7,593,022 ("the '022 Patent"), which was duly and legally issued on September 22, 2009, for an invention entitled Structure-Preserving Clone Brush.  A copy of the '022 Patent is attached to this Complaint as Exhibit B.

7.     Dr. Byong Mok Oh earned his Ph.D. from the Massachusetts Institute of Technology in 2002.  For his doctoral work, Dr. Oh created a variety of image editing tools that allow users to easily manipulate digital photographs in new and improved ways.  In particular,

Dr. Oh conceived and implemented several techniques for adding or simulating depth information in a two-dimensional image.

8.      One of Dr. Oh's innovations from his research was a Structure Preserving Clone Brush ("Perspective Clone Brush") technology.  Among other things, the Perspective Clone Brush technology allows a user to correctly copy and paste pixels according to perspective foreshortening that is present on planar surfaces of an input image.

9.      Following graduation from M.I.T., Dr. Oh founded Mok3 in 2002.  One of Mok3's business objectives was to commercialize Dr. Oh's pioneering work through the development and sale of consumer and professional software tools.  To protect his valuable intellectual property, Dr. Oh filed several applications for patents with the United States Patent and Trademark Office ("USPTO").  In April 2003, Dr. Oh, along with co-inventor Fredo Durand, filed provisional patent application 60/466,628 with the USPTO to cover their unique Perspective Clone Brush technology.  They later filed utility application 10/601,842 ("the '842 application") entitled "Structure-preserving clone brush," which published as U.S. Patent Publication 2004/0217975 ("the '975 publication") on November 4, 2004, and later issued as the '374 Patent.

10.     Prior to the issuance of the '374 Patent, the inventors filed continuation application 11/951,355 ("the '355 application") on December 6, 2007, which published as U.S. Patent Publication 2008/0088641 on April 17, 2008, and later issued as the '022 Patent.

11.     In January 2005, Mok3 announced it had begun sale and shipment of the Mok3 Perspective Clone Brush, a plug-in tool for use with Adobe PHOTOSHOP.  The Mok3 Perspective Clone Brush allowed users to clone and transform image objects while retaining visual perspective, through the inventions disclosed and claimed in the '374 and '022 Patents.

3

12.     Three months later, on April 27, 2005, Adobe announced the release of its next version of its PHOTOSHOP program, Adobe PHOTOSHOP CS2 ("CS2").  Adobe press releases touted PHOTOSHOP CS2's new feature, "Vanishing Point, which allows users to clone, paint and transform image objects while retaining visual perspective."  Adobe's promotional literature called Vanishing Point "Nothing less than revolutionary" and claimed "[O]ne use and you'll wonder how you ever lived without it."  In fact, however, Vanishing Point used the same functionality as the Mok3 Perspective Clone Brush technology.

13.     In the months following Adobe's release of CS2, potential customers declined to purchase Mok3's Perspective Clone Brush but instead purchased CS2, in which Adobe's Vanishing Point feature was already bundled.

14.     Adobe has continued to include its Vanishing Point feature in, and to advertise the feature prominently in connection with, subsequent versions of its PHOTOSHOP product, including PHOTOSHOP CS3 (March 2007), PHOTOSHOP CS4 (September 2008) and PHOTOSHOP CS5 (April 2010).

## COUNT I

### (Patent Infringement of United States Patent 7,327,374)

15.     EveryScape incorporates and realleges paragraphs 1 to 14 as if fully set forth herein.

16.     Adobe has directly infringed at least claims 1, 2, 7, 17 and 18 of the '374 Patent through, among other activities, making, selling and/or using Adobe PHOTOSHOP versions CS2, CS3, CS4 and CS5, each of which includes the Vanishing Point feature which is covered by the foregoing claims.

17.     Adobe's Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5 was designed, made and adapted, and has been marketed, promoted, provided, distributed, offered for sale and/or sold, for use in enabling users to manipulate digital images by correctly copying and pasting pixels according to perspective foreshortening that is present on planar surfaces, using the invention claimed in the '374 Patent.

18.     Adobe, with knowledge of the '374 Patent and willful intent, has actively induced purchasers, licensees and users of PHOTOSHOP to infringe at least claims 1, 2, 7, 17 and 18 of the '374 Patent under 35 U.S.C. § 271(b) by, among other activities, designing and making its Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5; offering for sale, selling, licensing, providing and distributing these products to purchasers, licensees, users and others throughout the United States, including in this judicial district; and encouraging purchasers, licensees and users and others to practice the steps of these claims throughout the United States, including in this judicial district.

19.     Adobe's Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5 is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Adobe, with knowledge of the '374 Patent, has contributed to the infringement of at least claims 1, 2, 7, 17 and 18 of the '374 Patent under 35 U.S.C. § 271(c) by purchasers, licensees and users of PHOTOSHOP through, among other activities, designing and making its Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5; offering for sale, selling, licensing, providing and distributing these products to purchasers, licensees, users and others throughout the United States, including in this judicial district; and encouraging purchasers, licensees and users and others to practice the steps of these claims throughout the United States, including in this judicial district.

20.     Adobe's unlawful acts of infringement of the '374 Patent will continue unless enjoined by this Court.

21.     Adobe's infringement of the '374 Patent has occurred with knowledge of the '374 Patent and willfully, intentionally and deliberately in violation of 35 U.S.C. § 284.  Despite having full knowledge of the '374 Patent, Adobe has not taken steps to avoid infringement; instead, Adobe has continued to infringe the '374 Patent in an objectively reckless manner.

22.     EveryScape has been injured by Adobe's ongoing, willful infringement of the '374 Patent and is entitled to recover damages adequate to compensate EveryScape for infringement of the '374 Patent.


**COUNT II**

**(Patent Infringement of United States Patent 7,593,022)**

23.     EveryScape incorporates and realleges paragraphs 1-14 and 16-22 as if fully set forth herein.

24.     Adobe has directly infringed at least claims 1, 2, 12, 13, 24 and 25 of the '022 Patent through, among other activities, making, selling and/or using Adobe PHOTOSHOP versions CS2, CS3, CS4 and CS5, each of which includes the Vanishing Point feature which is covered by the foregoing claims.

25.     Adobe's Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5 was designed, made and adapted, and has been marketed, promoted, provided, distributed, offered for sale and/or sold, for use in enabling users to manipulate digital images by correctly copying and pasting pixels according to perspective foreshortening that is present on planar surfaces, using the invention claimed in the '022 Patent.

26.     Adobe, with knowledge of the '022 Patent and willful intent, has actively induced purchasers, licensees and users of PHOTOSHOP to infringe at least claims 24 and 25 of the '022 Patent under 35 U.S.C. § 271(b) by, among other activities, designing and making its Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5; offering for sale, selling, licensing, providing and distributing these products to purchasers, licensees, users and others throughout the United States, including in this judicial district; and encouraging purchasers, licensees and users and others to practice the steps of these claims throughout the United States, including in this judicial district.

27.     Adobe's Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5 is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Adobe, with knowledge of the '022 patent, has contributed to the infringement of at least claims 24 and 25 of the '022 Patent under 35 U.S.C. § 271(c) by purchasers, licensees and users of PHOTOSHOP through, among other activities, designing and making its Vanishing Point feature included in PHOTOSHOP versions CS2, CS3, CS4 and CS5; offering for sale, selling, licensing, providing and distributing these products to purchasers, licensees, users and others throughout the United States, including in this judicial district; and encouraging purchasers, licensees and users and others to practice the steps of these claims throughout the United States, including in this judicial district.

28.     Adobe's unlawful acts of infringement of the '022 Patent will continue unless enjoined by this Court.

29.     Adobe's infringement of the '022 Patent has occurred with knowledge of the '022 Patent and willfully, intentionally and deliberately in violation of 35 U.S.C. § 284.  Despite

having full knowledge of the '022 Patent, Adobe has not taken steps to avoid infringement; instead, Adobe has continued to infringe the '022 Patent in an objectively reckless manner.

30.     EveryScape has been injured by Adobe's ongoing, willful infringement of the '022 Patent and is entitled to recover damages adequate to compensate EveryScape for infringement of the '022 Patent.

## JURY DEMAND

31.     Pursuant to Fed. R. Civ. P. 38(b), EveryScape demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EveryScape prays that the Court enter judgment against Adobe as follows:

(1) Entry of judgment holding Adobe liable for infringement of the '374 and '022 Patents;

(2) An Order enjoining Adobe and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the order granting the injunction by personal service or otherwise, from continued acts of infringement of the '374 and '022 Patents;

(3) An award to EveryScape of damages against Adobe for the infringement of the '374 and '022 Patents, together with prejudgment and post-judgment interest;

(4) Trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of Adobe's infringement of the '374 and the '022 Patents;

8

(5) An award to EveryScape of its costs and attorney's fees under 35 U.S.C. § 285; and

(6) Such other and further relief to EveryScape, at law or in equity, which the Court may deem proper.


Dated:  September 20, 2010                    By: */s/Aaron R. Feigelson*_____
                                              Aaron R. Feigelson (BBO #654710)
                                              LEYDIG, VOIT & MAYER, LTD.
                                              Two Prudential Plaza, Suite 4900
                                              Chicago, Illinois  60601
                                              Telephone:  (312) 616-5600
                                              Facsimile:  (312) 616-5700

                                              Attorneys for Plaintiff
                                              EVERYSCAPE, INC.

Of Counsel:
John W. Kozak
Wesley O. Mueller
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois  60601
Telephone:  (312) 616-5600
Facsimile:  (312) 616-5700