**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| EVERYSCAPE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 10-cv-11597-RBC |
| | ) | |
| v. | ) | Hon. Joseph L. Tauro |
| | ) | |
| ADOBE SYSTEMS INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**
**BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT EVERYSCAPE, INC.**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant EveryScape, Inc. ("EveryScape"), hereby responds to the Counterclaims by Counterclaim-Plaintiff Adobe Systems Incorporated ("Adobe"), on personal knowledge as to its own activities and on information and belief as to the activities of others as follows.

EveryScape denies each and every allegation contained in the Counterclaims that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  EveryScape denies that Counterclaim-Plaintiff Adobe is entitled to the relief requested or any other relief.

**PARTIES**

1.  EveryScape admits that Adobe is a Delaware Corporation with its corporate headquarters located at 345 Park Avenue, San Jose, California 95110.

2.   EveryScape admits that it is a Delaware corporation having its principal place of business at 65 Chapel Street, Newton, Massachusetts 02458.

3.   EveryScape admits that it makes, uses, sells and/or offers for sale in the United States, and/or imports into the United States, computer software and technology.  The remaining allegations of Paragraph 3 are vague and ambiguous, and therefore EveryScape denies them.

## Jurisdiction

4.   EveryScape admits that the Counterclaims purport to allege claims under the patent laws of the United States as enacted under Title 35 of the United States Code and under the provisions of the Federal Declaratory Judgment Act, that this Court has jurisdiction over patent actions pursuant to 28 U.S.C. §§ 1331 and 1338, and that this Court may exercise jurisdiction over a declaratory judgment counterclaim pursuant to 28 U.S.C. §§ 2201-02.  EveryScape denies the remaining allegations of Paragraph 4.

## Venue

5.   EveryScape admits that venue in this judicial district is proper.

## Procreate Painter 7

6.   EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore denies them.

7.   EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8.   EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9.   EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of whether Procreate Painter 7 was on sale in the United States at least as early as

July 2001, and therefore denies this allegation.  EveryScape denies the remaining allegations of Paragraph 9.

10.  EveryScape admits that it did not disclose Procreate Painter 7 to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '374 Patent or the '022 Patent, denies that the USPTO was unaware of Procreate Painter 7 during the prosecution of the '374 Patent or the '022 Patent, and further denies the remaining allegations of Paragraph 10.

11.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13.  EveryScape denies the allegations of Paragraph 13.

14.  EveryScape denies the allegations of Paragraph 14.

15.  EveryScape denies the allegations of Paragraph 15.

16.  EveryScape denies the allegations of Paragraph 16.

17.  EveryScape denies the allegations of Paragraph 17.

18.  EveryScape denies the allegations of Paragraph 18.

19.  EveryScape admits that Adobe provided EveryScape with what is purported to be a video demonstration of Procreate Painter 7 in December 2010 and that it was therefore aware of Procreate Painter 7 "at least as early as December 10, 2010."  EveryScape denies the remaining allegations of Paragraph 19.

20.  EveryScape admits that it delayed serving the Complaint in this action at Adobe's request, and that EveryScape served the Complaint on January 12, 2011, after Adobe refused a license.  EveryScape denies the remaining allegations of Paragraph 20.

**The Counterclaim Patent-in-Suit**

21.  EveryScape admits that United States Patent No. 7,095,905 ("the '905 Patent") was issued on August 22, 2006 by the USPTO, that it is entitled "Merging Images to Form a Panoramic Image," and that the listed inventor is John Peterson of Menlo Park, California. EveryScape admits that Adobe is the assignee of the '905 Patent as recorded at the USPTO. EveryScape denies that the '905 Patent was duly and legally issued, and that a copy of the '905 Patent was attached to the counterclaim.  EveryScape further denies the remaining allegations of Paragraph 21.

22.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22, and therefore denies them.

23.  EveryScape denies the allegations of Paragraph 23.

**EveryScape's WebScape Product**

24.  EveryScape admits that it offers a "WebScape," which is advertised as a virtual replica of a business.   EveryScape denies the remaining allegations of Paragraph 24.

25.  EveryScape admits that WebScapes are available for viewing from its website, including at the URL http://www.everyscape.com/local.aspx.

26.  EveryScape admits that a WebScape is a virtual replica and may include one or more panoramic images.  EveryScape denies that "[t]hese panaromic images have been created by merging images of segments of a view," and denies the remaining allegations of Paragraph 26.

27.  EveryScape admits that it has received images from at least one EveryScape "local ambassador" from a location remote to EveryScape's server and over a network such as the Internet.  EveryScape denies the remaining allegations of Paragraph 27.

28.  EveryScape denies the allegations of Paragraph 28.

29.  EveryScape denies the allegations of Paragraph 29.

30.  EveryScape admits that users of its website may access WebScapes over a network, such as the Internet, and that WebScapes may include one or more panoramic images.  The remaining allegations of Paragraph 30 are vague and ambiguous, and therefore EveryScape denies them.

### Count I: Declaratory Relief Regarding Non-Infringement of the '374 Patent

31.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 30 above.

32.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to whether Adobe has committed acts of infringement of the '374 Patent.

33.  EveryScape denies the allegations of Paragraph 33.  Contrary to its assertions, Adobe has committed acts of willful infringement of the '374 Patent.

34.  EveryScape denies the allegations of Paragraph 34.

### Count II: Declaratory Relief Regarding Non-Infringement of the '022 Patent

35.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 34 above.

36.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to whether Adobe has committed acts of infringement of the '022 Patent.

37.  EveryScape denies the allegations of Paragraph 37.   Contrary to its assertions, Adobe has committed acts of willful infringement of the '022 Patent.

38.  EveryScape denies the allegations of Paragraph 38.

**Count III: Declaratory Relief Regarding Invalidity of the '374 Patent**

39.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 38 above.

40.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to the validity of the '374 Patent.

41.  EveryScape denies the allegations of Paragraph 41.

42.  EveryScape denies the allegations of Paragraph 42.

43.  EveryScape denies the allegations of Paragraph 43.

44.  EveryScape denies the allegations of Paragraph 44.

45.  EveryScape denies the allegations of Paragraph 45.

**Count IV: Declaratory Relief Regarding Invalidity of the '022 Patent**

46.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 45 above.

47.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to the validity of the '022 Patent.

48.  EveryScape denies the allegations of Paragraph 48.

49.  EveryScape denies the allegations of Paragraph 49.

50.  EveryScape denies the allegations of Paragraph 50.

51.  EveryScape denies the allegations of Paragraph 51.

52.  EveryScape denies the allegations of Paragraph 52.

**Count V: Patent Infringement of United States Patent 7,095,905**

53.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 52 above.

54.  EveryScape denies the allegations of Paragraph 54.

55.  EveryScape denies the allegations of Paragraph 55.

56.  EveryScape denies the allegations of Paragraph 56.

57.  EveryScape denies the allegations of Paragraph 57.

58.  EveryScape denies the allegations of Paragraph 58.

<u>Response To Relief Requested</u>.  Adobe is not entitled to any of the relief requested in its Answer, Affirmative Defenses and Counterclaims, and should take nothing on its counterclaims. EveryScape should be awarded the relief requested in its Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.  Adobe's CounterClaim fails to state any claim against EveryScape upon which relief can be granted.

2.  Each asserted claim of United States Patent No. 7,095,905 is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

3.  EveryScape has not infringed and does not infringe, contribute to the infringement of, or actively induce others to infringe any claim of United States Patent No. 7,095,905, either directly, indirectly, or under the doctrine of equivalents.

4.  On information and belief, Adobe's claims for relief concerning United States Patent No. 7,095,905 are limited by 35 U.S.C. § 287.

5.  Adobe is not entitled to any injunctive relief.

6.  Adobe is precluded under the doctrine of prosecution history estoppel from asserting any construction of any valid and enforceable claim of U.S. Patent No. 7,095,905 to cover any

method of manufacture used by, or product used, imported, sold, or offered for sale by EveryScape, or any service offered by EveryScape.

7.   Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.  EveryScape's activities have for some time been open and notorious.  Adobe has nonetheless brought a meritless counterclaim of infringement of United States Patent No. 7,095,905 in retaliation for EveryScape asserting a valid and meritorious claim of patent infringement.

8.   EveryScape reserves the right to assert all affirmative and other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

Dated:  April 22, 2011

By: _/s/Aaron R. Feigelson_____
John W. Kozak (admitted *pro hac vice*)
Wesley O. Mueller (admitted *pro hac vice*)
David M. Airan (admitted *pro hac vice*)
Aaron R. Feigelson (BBO #654710)

LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois  60601
Telephone:  (312) 616-5600
Facsimile:  (312) 616-5700

Attorneys for Plaintiff
EVERYSCAPE, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2011.

*/s/Aaron R. Feigelson*