# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

EVERYSCAPE, INC.,

Plaintiff/Counterclaim-Defendant,

v.

ADOBE SYSTEMS INC.

Defendant/Counterclaim-Plaintiff.

C.A. No. 10-cv-11597-JLT

Hon. Joseph L. Tauro
Magistrate Judge Robert B. Collings

---

## SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS BY DEFENDANT ADOBE SYSTEMS INCORPORATED (LEAVE TO FILE GRANTED ON OCTOBER 17, 2011)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Adobe Systems Incorporated ("Adobe"), hereby responds to the Complaint for Patent Infringement of Plaintiff and Counterclaim-Defendant EveryScape, Inc., ("EveryScape"), on personal knowledge as to its own activities and on information and belief as to the activities of others as follows.

Adobe denies each and every allegation contained in the Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  Adobe denies that Plaintiff EveryScape is entitled to the relief requested or any other relief.

1.      Adobe admits that the Complaint purports to allege a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and that this Court has jurisdiction over patent actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Adobe otherwise denies the allegations of paragraph 1.

2.     Adobe denies that it has caused the injuries complained of in this district or elsewhere, but admits that it conducts business and is subject to personal jurisdiction in this district.  Adobe does not contest that venue in this judicial district is proper.  Adobe otherwise denies the allegations of paragraph 2.

3.     Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3, and therefore denies them.

4.     Adobe admits that it is a Delaware Corporation with its corporate headquarters located at 345 Park Avenue, San Jose, California 95110.  Adobe admits that it designs, develops, offers for sale and sells software products, including Photoshop. The remaining allegations of paragraph 4 are vague and ambiguous, and Adobe therefore denies them.

5.     Adobe admits that United States Patent No. 7,327,374 (the "'374 Patent") on its face is entitled "Structure-Preserving Clone Brush" and issued on February 5, 2008.  Adobe denies that the '374 Patent was duly and legally issued by the United States Patent and Trademark Office.  Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5, and therefore denies them.

6.     Adobe admits that United States Patent No. 7,593,022 (the "'022 Patent") on its face is entitled "Structure-Preserving Clone Brush" and issued on September 22, 2009.  Adobe denies that the '022 Patent was duly and legally issued by the United States Patent and Trademark Office.  Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6, and therefore denies them.

7.      Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7, and therefore denies them.

8.      Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies them.

9.      Adobe admits that Dr. Oh and Dr. Durand were named as inventors in application number 60/466,628 in April 2003.  Adobe also admits that Dr. Oh and Dr. Durand are named as inventors in application number 10/601,842 which published as U.S. Patent Publication 2004/0217975, entitled "Structure-preserving clone brush," and issued as U.S. Patent No. 7,327,374.  Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 9, and therefore denies them.

10.     Adobe admits the allegations of paragraph 10.

11.     Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and therefore denies them.

12.     Adobe admits that it announced the release of Photoshop CS2 on or about April 27, 2005 and that the Vanishing Point feature was discussed in Adobe's press releases and promotional literature for that release.  Adobe admits that the press releases and marketing materials contained the words: "Vanishing Point, which allows users to clone, paint and transform image objects while retaining perspective"; "Nothing less than revolutionary"; "one use and you'll wonder how you ever lived without it."  Adobe denies the remaining allegations of paragraph 12.

13.     Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13, and therefore denies them.

14.     Adobe admits that it has included a Vanishing Point feature in subsequent versions of its Photoshop products, including CS3, CS4 and CS5.   The remaining allegations of paragraph 14 are vague and ambiguous, and Adobe therefore denies them.

15.     Adobe incorporates by reference, as if set forth in full herein, its answers to paragraphs 1-14 above.

16.     Adobe denies the allegations of paragraph 16.

17.     Adobe denies the allegations of paragraph 17.

18.     Adobe denies the allegations of paragraph 18.

19.     Adobe denies the allegations of paragraph 19.

20.     Adobe denies the allegations of paragraph 20.

21.     Adobe denies the allegations of paragraph 21.

22.     Adobe denies the allegations of paragraph 22.

23.     Adobe incorporates by reference, as if set forth in full herein, its answers to paragraphs 1-14 and 16-22 above.

24.     Adobe denies the allegations of paragraph 24.

25.     Adobe denies the allegations of paragraph 25.

26.     Adobe denies the allegations of paragraph 26.

27.     Adobe denies the allegations of paragraph 27.

28.     Adobe denies the allegations of paragraph 28.

29.     Adobe denies the allegations of paragraph 29.

30.     Adobe denies the allegations of paragraph 30.

31.     No response is required to Paragraph 31.

## AFFIRMATIVE AND OTHER DEFENSES

32.     EveryScape's Complaint fails to state any claim against Adobe upon which relief can be granted.

33.     Each asserted claim of United States Patent Nos. 7,327,374 and 7,593,022 is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation to 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

34.     Adobe has not infringed and does not infringe, contribute to the infringement of, or actively induce others to infringe any asserted claims of United States Patent Nos. 7,327,374 and 7,593,022, either directly, indirectly, or under the doctrine of equivalents.

35.     Adobe has not willfully infringed any valid claim of United States Patent Nos. 7,327,374 and 7,593,022.

36.     On information and belief, EveryScape's claims for relief concerning United States Patent Nos. 7,327,374 and 7,593,022, are limited by 35 U.S.C. §§ 284, 286, and 287.

37.     EveryScape is not entitled to any injunctive relief.

38.     EveryScape is precluded under the doctrine of prosecution history estoppel from asserting any construction of any valid and enforceable claim of U.S. Patent Nos. 7,327,374 and/or 7,593,022, to cover any method of manufacture used by, or product used, imported, sold, or offered for sale by Adobe, or any service offered by Adobe.

39.     EveryScape's claims for relief are barred in whole or in part by the doctrines of unclean hands, laches, waiver, and/or estoppel.

40.     To the extent that the accused instrumentalities have been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

41.     Adobe reserves the right to assert all affirmative and other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Adobe asserts the following counterclaims against Plaintiff and Counterclaim-Defendant EveryScape:

### Parties

1.     Counterclaim-Plaintiff Adobe is a Delaware Corporation with its corporate headquarters located at 345 Park Avenue, San Jose, California 95110.

2.     On information and belief, Counterclaim-Defendant EveryScape is a Delaware corporation having its principal place of business at 65 Chapel Street, Newton, Massachusetts 02458.

3.     EveryScape makes, uses, sells and/or offers for sale in the United States, and/or imports into the United States, computer software and technology, including for example software and technology incorporated within or used in support of EveryScape's WebScape product.

Jurisdiction

4.      These counterclaims arise under the copyright and patent laws of the United States as enacted under Title 17 and 35 of the United States Code and under the provisions of the Federal Declaratory Judgment Act. This Court has subject matter jurisdiction under 35 U.S.C. §§ 271 et seq., 17 U.S.C. § 501, 28 U.S.C. §§ 1331, 1338 and 2201-02 because this action arises under the copyright and patent laws of the United States, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

Venue

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

Procreate Painter 7

6.      A software program known as "Procreate Painter" is a painting and image-editing application that has been available for desktop computers.

7.      On information and belief, the Procreate Painter software was produced by the Corel Corporation.

8.      On information and belief, a version of Procreater Painter known as "Procreate Painter 7," was on sale in the United States at least as early as July 2001.

9.      Because Procreate Painter 7 was on sale in the United States at least as early as July 2001, it is prior art to the '374 Patent and the '022 Patent under 35 U.S.C. § 102(b).

10.      On information and belief, Procreate Painter 7 was not disclosed to the United States Patent and Trademark Office during the prosecution of the '374 Patent or the '022 Patent.

11.     The Procreate Painter 7 software can cause a computer to receive an input 2D image.

12.     The Procreate Painter 7 software can cause a computer to interact with a user to specify a first world plane in the 2D image.

13.     The Procreate Painter 7 software can cause a computer to interact with a user to provide a source position and a destination position in the 2D image.

14.     The Procreate Painter 7 software can cause a computer to interact with a user to identify a destination region in the 2D image relative to the destination position.

15.     The Procreate Painter 7 software can cause a computer to determine a source region in the 2D image relative to the first world plane and corresponding to the destination region including:  define a transformation that maps the destination position relative to the first world plane to the source position relative to the first world plane using a homography defined by the first world plane, and identify pixels in the source region of the 2D image corresponding to pixels in the destination region of the 2D image using the transformation and the homography.

16.     The Procreate Painter 7 software can cause a computer to transform 2D image information of the source region relative to the first world plane to 2D image information of the destination region; and clone-brush by copying the transformed 2D image information to the destination region.

17.     Procreate Painter 7 anticipates or renders obvious each of the claims of the '374 Patent, including, for example, claims 1, 2, 7, 17 and 18.

18.     Procreate Painter 7 anticipates or renders obvious each of the claims of the '022 Patent, including, for example, claims 1, 2, 12, 13, 24 and 25.

19.     EveryScape was aware of Procreate Painter 7 at least as early as December 2010.

20.     The Complaint in this case was not served until January 12, 2011, after EveryScape became aware of Procreate Painter 7.

The Counterclaim Patents-in-Suit

*A.   U.S. Patent No. 7,095,905*

21.     On August 22, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,095,905 ("the '905 Patent"), entitled "Merging Images to Form a Panoramic Image," to the listed inventor John Peterson of Menlo Park, California.  Adobe is the assignee and owner of the '905 Patent, a copy of which is attached hereto as Exhibit A.

22.     Adobe is the exclusive owner of all rights, title, and interest in the '905 Patent, including the right to bring this counterclaim for injunctive relief and damages.

23.     The '905 Patent is valid and enforceable.

*B.   U.S. Patent No. 6,411,742*

24.     On June 25, 2002, the USPTO duly and legally issued United States Patent No. 6,411,742 ("the '742 Patent"), entitled "Merging Images to Form a Panoramic Image," to the listed inventor John Peterson of Menlo Park, California.  Adobe is the assignee and owner of the '742 Patent, a copy of which is attached hereto as Exhibit B.

25.     Adobe is the exclusive owner of all rights, title, and interest in the '742 Patent, including the right to bring this counterclaim for injunctive relief and damages.

26.     The '742 Patent is valid and enforceable.

<u>EveryScape's WebScape Products</u>

27.     On information and belief, EveryScape provides a product called "WebScape" that is capable of providing a virtual replica of a business over the Internet.

28.     On information and belief, EveryScape's "WebScape" product is available on EveryScape's website, for example, from the web page entitled "EveryScape - Local Search" at the URL http://www.everyscape.com/local.aspx.

29.     On information and belief, a WebScape virtual replica includes one or more panoramic images.  These panoramic images have been created by merging images of segments of a view.

30.     On information and belief, EveryScape has received and continues to receive images from at least one EveryScape "local ambassador" from a location remote to EveryScape's server and over a network such as the Internet.  At least two of these images received by EveryScape represent distinct segments of a view.

31.     On information and belief, having received images representing different segments of a view, EveryScape creates at least one panoramic image from these images by using software that determines the position of at least one segment of the view relative to a second segment of the view without the aid of position information provided by a human operator.

32.     On information and belief, having received images representing different segments of a view and determined the relative positions of at least two segments of a view, EveryScape creates at least one panoramic image from these images by using software that blends at least two of the received images based solely on the content of the images and the determined relative position of the segments of a view.

33.     On information and belief, EveryScape transmits one or more panoramic images over a network, such as the Internet, when a user of the WebScape product visits the WebScape website corresponding to a business.

### Adobe's Copyrights

34.     On July 13, 2005, Adobe registered its Adobe Illustrator CS2 for Windows computer program with the United States Copyright Office.  This material is copyrightable subject matter under the laws of the United States.  Adobe has complied in all respects with the Copyright Act, 17 U.S.C. § 101 et seq., and with all other laws governing copyrights.  Since the date of their creation, Adobe has been the sole proprietor of all rights, title, and interest in and to the copyright on the copyrightable works found in the Adobe Illustrator CS2 for Windows computer program.  A true and correct copy of the registration for this copyright, namely Registration No. TX 6-131-283 is attached hereto as Exhibit C.  Said registration is in full force and effect.

35.     On July 13, 2005, Adobe registered its Adobe Photoshop CS2 for Windows computer program with the United States Copyright Office.  This material is copyrightable subject matter under the laws of the United States.  Adobe has complied in all respects with the Copyright Act, 17 U.S.C. §101 et seq., and with all other laws governing copyrights.  Since the date of their creation, Adobe has been the sole proprietor of all rights, title, and interest in and to the copyright on the copyrightable works found in the Adobe Photoshop CS2 for Windows computer program.  A true and correct copy of the registration for this copyright, namely Registration No. TX 6-131-279 is attached hereto as Exhibit D.  Said registration is in full force and effect.

36.     The above-mentioned copyrights are hereinafter referred to collectively as the "Adobe Copyrights."    Counterclaims at ¶¶ 31–32.    As the owner of the Adobe Copyrights, Adobe has the exclusive right to reproduce, prepare derivative works of, and distribute the copyrighted materials.

<u>EveryScape's Copyright Infringement, Violations of DMCA, and Breach of EULA</u>

37.     On information and belief, EveryScape has infringed Adobe's Copyrights by copying portions of the copyrightable works found in the Adobe Photoshop CS2 for Windows and Adobe Illustrator CS2 for Windows computer programs, without Adobe's authorization, including, without limitation, by executing Adobe's proprietary software in violation of any license and thus making a copy of that software into RAM.

38.     On information and belief, EveryScape have used the Adobe Copyrights to create and promote EveryScape's products, and selling or offering to sell products having made use of the copyrighted materials.

39.     EveryScape's conduct infringes upon Adobe's exclusive rights to reproduce the works contained in the Adobe Copyrights, which Adobe has been granted under the provisions of section 106 of Title 17 of the United States Code.   EveryScape's unauthorized use of Adobe's copyrighted material constitutes unlawful copyright infringement pursuant to 17 U.S.C. § 501.   On information and belief, EveryScape continues to infringe Adobe's exclusive rights.

40.     Adobe's Photoshop CS2 for Windows and Adobe Illustrator CS2 for Windows computer programs are distributed with proprietary materials such as user's guides, user's manuals, end-user license agreements ("EULAs"), Certificates of

Authenticity ("COAs"), and other components that limit access and distribution of the computer programs.

41.     When an end user uses Adobe's Illustrator CS2 or Photoshop CS2 product, the end user agrees to be bound by the terms of Adobe's EULA.  The EULA is a legal agreement between Adobe and the End User, which governs the End User's use of the information, software files, content files, etc. ("Software") belonging to Adobe.  True and correct copies of the EULAs for Adobe's Illustrator CS2 and Adobe's Photoshop CS2 are attached hereto as Exhibit E and Exhibit F, respectively.

42.     The EULA specifically states that the End User may not reverse engineer, decompile, disassemble or otherwise attempt to discover the source code of the Software. It further prohibits use of Adobe products without a valid serial number after a trial period.

43.     On information and belief, EveryScape has circumvented technological measures that effectively control access to copyrighted works, to wit, Adobe Photoshop CS2 for Windows and Adobe Illustrator for CS2 for Windows, by making and using unauthorized license keys, in violation of 17 U.S.C. § 1201(a)(1).

44.     EveryScape's unauthorized copying and prohibited use of Adobe's software is a violation of 17 U.S.C. § 501, 17 U.S.C. § 1201(a)(1), and the Adobe EULA.

Count I: Declaratory Relief Regarding Non-Infringement of the '374 Patent

45.     Paragraphs 1 through 44 are incorporated by reference as if stated fully herein.

46.     Based on EveryScape's filing of this lawsuit and Adobe's denial of EveryScape's allegations, an actual controversy has arisen and now exists between

Adobe and EveryScape as to whether the Adobe technology accused by EveryScape infringes the '374 Patent.

47.     Adobe has not infringed and does not infringe any valid claim of the '374 Patent.

48.     To resolve the legal and factual questions raised by EveryScape, and to afford relief from the uncertainty and controversy that EveryScape's accusations have precipitated, Adobe is entitled to a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that Adobe does not infringe and has not infringed any valid claim of the '374 Patent.

<u>Count II: Declaratory Relief Regarding Non-Infringement of the '022 Patent</u>

49.     Paragraphs 1 through 48 are incorporated by reference as if stated fully herein.

50.     Based on EveryScape's filing of this lawsuit and Adobe's denial of EveryScape's allegations, an actual controversy has arisen and now exists between Adobe and EveryScape as to whether the Adobe technology accused by EveryScape infringes the '022 Patent.

51.     Adobe has not infringed and does not infringe any valid claim of the '022 Patent.

52.     To resolve the legal and factual questions raised by EveryScape, and to afford relief from the uncertainty and controversy that EveryScape's accusations have precipitated, Adobe is entitled to a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that Adobe does not infringe and has not infringed any valid claim of the '022 Patent.

<u>Count III: Declaratory Relief Regarding Invalidity of the '374 Patent</u>

53.     Paragraphs 1 through 52 are incorporated by reference as if stated fully herein.

54.     Based on EveryScape's filing of this lawsuit and Adobe's denial of EveryScape's allegations, an actual controversy has arisen and now exists between Adobe and EveryScape as to the validity of the '374 Patent.

55.     Each and every claim of the '374 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

56.     In particular, each and every claim of the '374 Patent is anticipated by and/or rendered obvious by Procreate Painter 7.

57.     To resolve the legal and factual questions raised by EveryScape, and to afford relief from the uncertainty and controversy that EveryScape's accusations have precipitated, Adobe is entitled to a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the '374 Patent for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation to 35 U.S.C. §§ 101, 102, 103, and 112.

58.     At the time it served the Complaint in this case, EveryScape knew or should have known that the '374 patent was invalid and that Adobe did not infringe any valid claims.

59.     Because EveryScape was presented with undisputable evidence of the invalidity of the claims of the '374 Patents before EveryScape served the Complaint on Adobe and yet EveryScape nevertheless proceeded to serve the Complaint in face of that

evidence, this is an exceptional case and Adobe is entitled to recover attorney fees under 35 U.S.C. § 285.

<u>Count IV: Declaratory Relief Regarding Invalidity of the '022 Patent</u>

60.     Paragraphs 1 through 59 are incorporated by reference as if stated fully herein.

61.     Based on EveryScape's filing of this lawsuit and Adobe's denial of EveryScape's allegations, an actual controversy has arisen and now exists between Adobe and EveryScape as to the validity of the '022 Patent.

62.     Each and every claim of the '022 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation to 35 U.S.C. §§ 101, 102, 103, and 112.

63.     In particular, each and every claim of the '022 Patent is anticipated by and/or rendered obvious by Procreate Painter 7.

64.     To resolve the legal and factual questions raised by EveryScape, and to afford relief from the uncertainty and controversy that EveryScape's accusations have precipitated, Adobe is entitled to a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the '022 Patent for failure to comply with one or more of the requirements of the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

65.     At the time it served the Complaint in this case, EveryScape knew or should have known that the '022 patent was invalid and that Adobe did not infringe any valid claims.

66.     Because EveryScape was presented with undisputable evidence of the invalidity of the claims of the '022 Patents before EveryScape served the Complaint on Adobe and yet EveryScape nevertheless proceeded to serve the Complaint in face of that evidence, this is an exceptional case and Adobe is entitled to recover attorney fees under 35 U.S.C. § 285.

<u>Count V: Patent Infringement of United States Patent 7,095,905</u>

67.     Paragraphs 1 through 66 are incorporated by reference as if stated fully herein.

68.     Upon information and belief, Counterclaim-Defendant EveryScape has infringed and continues to infringe one or more claims of the '905 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, image-merging software and technology, including without limitation, image-merging software and technology incorporated within or used in support of EveryScape's WebScape product.

69.     Further on information and belief, Counterclaim-Defendant EveryScape has contributed to and/or induced infringement and continues to contribute to or induce infringement of the '905 Patent under 35 U.S.C. § 271(b), (c) or (f) by knowingly providing customers or users with access to image-merging software and technology including, without limitation, EveryScape's WebScape product, said software and technology being designed, configured, specially adapted or intended to be used in configurations or ways that are within the scope of at least one claim of the '905 Patent, and/or by knowingly providing assistance or direction to its customers in using software

and technology in configurations or ways that are within the scope of at least one claim of the '905 Patent.

70.    EveryScape is not licensed under the '905 Patent.

71.    Adobe has been, and will continue to be, damaged by EveryScape's infringement of the '905 patent and will suffer irreparable injury unless the infringement is enjoined by this Court.

72.    As a result of EveryScape's infringement of the '905 Patent, Adobe has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Adobe would have made but for EveryScape's infringing acts.

<u>Count VI: Patent Infringement of United States Patent 6,411,742</u>

73.    Paragraphs 1 through 72 are incorporated by reference as if stated fully herein.

74.    Upon information and belief, Counterclaim-Defendant EveryScape has infringed and continues to infringe one or more claims of the '742 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, image-merging software and technology, including without limitation, image-merging software and technology incorporated within or used in support of EveryScape's WebScape product.

75.    Further on information and belief, Counterclaim-Defendant EveryScape has contributed to and/or induced infringement and continues to contribute to or induce infringement of the '742 Patent under 35 U.S.C. § 271(b), (c) or (f) by knowingly providing customers or users with access to image-merging software and technology

including, without limitation, EveryScape's WebScape product, said software and technology being designed, configured, specially adapted or intended to be used in configurations or ways that are within the scope of at least one claim of the '742 Patent, and/or by knowingly providing assistance or direction to its customers in using software and technology in configurations or ways that are within the scope of at least one claim of the '742 Patent.

76.     EveryScape is not licensed under the '742 Patent.

77.     Adobe has been, and will continue to be, damaged by EveryScape's infringement of the '742 patent and will suffer irreparable injury unless the infringement is enjoined by this Court.

78.     As a result of EveryScape's infringement of the '742 Patent, Adobe has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that Adobe would have made but for EveryScape's infringing acts.

<u>Count VII: Federal Copyright Infringement of Adobe Photoshop CS2</u>

79.     Paragraphs 1 through 78 are incorporated by reference as if stated fully herein.

80.     EveryScape has directly infringed, and continues to infringe, Adobe's Copyright on Adobe Photoshop CS2, which is registered with the United States Copyright Office as Registration No. TX 6-131-279, by using and thus reproducing illegal and unauthorized copies of Adobe's copyrighted content in this judicial district.

81.     EveryScape's unauthorized use of Adobe's copyrighted material constitutes unlawful copyright infringement pursuant to 17 U.S.C. § 501.

82.     On information and belief, EveryScape knew of Adobe's exclusive rights in the copyrighted material, and EveryScape infringed Adobe's copyrights willfully.

83.     EveryScape's infringement has caused irreparable harm to Adobe for which there is no adequate remedy at law.  EveryScape will continue to do so unless enjoyed by this Court.

84.     Adobe has suffered actual damages caused by EveryScape's infringement, including loss of goodwill, in an amount to be determined at trial.

85.     Adobe is entitled to actual damages it has suffered and EveryScape's profits for EveryScape's willful infringement, or statutory damages as provided in 17 U.S.C. § 504(b) and 17 U.S.C. § 504(c), including an increase in the award based on EveryScape's willfulness.

86.     Adobe is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement by EveryScape.  Unless and until this Court restrains and enjoys EveryScape from using Adobe's copyrighted material and orders the turnover or destruction of all such infringing material in EveryScape's possession, EveryScape will continue its unauthorized and improper activities.

87.     Adobe is entitled, pursuant to 17 U.S.C. § 504, to recover any and all profits of the EveryScape that are attributable to its acts of infringement or violations thereof.

88.     The amount of money due from EveryScape to Adobe is unknown to Adobe and cannot be ascertained without a detailed accounting by EveryScape of the precise nature of its unauthorized use of Adobe products.

89.     Adobe is further entitled to recovery its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

### Count VIII: Federal Copyright Infringement of Adobe Illustrator CS2

90.     Paragraphs 1 through 89 are incorporated by reference as if stated fully herein.

91.     EveryScape has directly infringed, and continues to infringe, Adobe's copyright on Adobe Illustrator CS2, which is registered with the United States Copyright Office as Registration No. TX 6-131-283, by using and thus reproducing illegal and unauthorized copies of Adobe's copyrighted content in this judicial district.

92.     EveryScape's unauthorized use of Adobe's copyrighted material constitutes unlawful copyright infringement pursuant to 17 U.S.C. § 501.

93.     On information and belief, EveryScape knew of Adobe's exclusive rights in the copyrighted material, and EveryScape infringed Adobe's copyrights willfully.

94.     EveryScape's infringement has caused irreparable harm to Adobe for which there is no adequate remedy at law.  EveryScape will continue to do so unless enjoyed by this Court.

95.     Adobe has suffered actual damages caused by EveryScape's infringement, including loss of goodwill, in an amount to be determined at trial.

96.     Adobe is entitled to actual damages it has suffered and EveryScape's profits for EveryScape's willful infringement, or statutory damages as provided in 17 U.S.C. § 504(b) and 17 U.S.C. § 504(c), including an increase in the award based on EveryScape's willfulness.

97.     Adobe is entitled to a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement by EveryScape.  Unless and until this Court restrains and enjoys EveryScape from using Adobe's copyrighted material and orders the turnover or destruction of all such infringing material in EveryScape's possession, EveryScape will continue its unauthorized and improper activities.

98.     Adobe is entitled, pursuant to 17 U.S.C. § 504, to recover any and all profits of the EveryScape that are attributable to its acts of infringement or violations thereof.

99.     The amount of money due from EveryScape to Adobe is unknown to Adobe and cannot be ascertained without a detailed accounting by EveryScape of the precise nature of its unauthorized use of Adobe products.

100.    Adobe is further entitled to recovery its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

Count IX: Violation of the Digital Millennium Copyright Act for Photoshop CS2

101.    Paragraphs 1 through 100 are incorporated by reference as if stated fully herein.

102.    On information and belief, EveryScape has circumvented technological measures that effectively control access to copyrighted works, to wit, Adobe Photoshop CS2 for Windows, by making and using unauthorized license keys, in violation of 17 U.S.C. § 1201(a)(1).

103.    EveryScape's violations have injured and will continue to injure Adobe by depriving Adobe of sales of authorized software, impairing Adobe's ability to protect its intellectual property rights, and interfering with Adobe's contractual and prospective

business relations. Adobe is entitled to recover actual damages and the EveryScape's profits made as a result of its wrongful conduct, pursuant to 17 U.S.C. § 1203(c)(2). Alternatively, Adobe is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

104.    EveryScape has violated 17 U.S.C. § 1201(a)(1) willfully and for purposes of commercial advantage or private financial gain.

105.    Adobe is also entitled to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1) and to an order impounding any materials involved in violation of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 1203(b)(3).  EveryScape knew or should have known that circumventing Adobe's access-control measures by use of unauthorized license and product keys was and is illegal and prohibited.  Such violations have caused and will continue to cause Adobe irreparable harm, and Adobe has no adequate remedy at law to redress any such continued violations.  Unless restrained by this Court, EveryScape will continue to violate 17 U.S.C. § 1201(a)(1).

106.    Adobe is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 1203.

Count X: Violation of the Digital Millennium Copyright Act for Illustrator CS2

107.    Paragraphs 1 through 106 are incorporated by reference as if stated fully herein.

108.    On information and belief, EveryScape has circumvented technological measures that effectively control access to copyrighted works, to wit, Adobe Illustrator CS2 for Windows, by making and using unauthorized license keys, in violation of 17 U.S.C. § 1201(a)(1).

109.    EveryScape's violations have injured and will continue to injure Adobe by depriving Adobe of sales of authorized software, impairing Adobe's ability to protect its intellectual property rights, and interfering with Adobe's contractual and prospective business relations.  Adobe is entitled to recover actual damages and the EveryScape's profits made as a result of its wrongful conduct, pursuant to 17 U.S.C. § 1203(c)(2).  Alternatively, Adobe is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

110.    EveryScape has violated 17 U.S.C. § 1201(a)(1) willfully and for purposes of commercial advantage or private financial gain.

111.    Adobe is also entitled to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1) and to an order impounding any materials involved in violation of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 1203(b)(3).  EveryScape knew or should have known that circumventing Adobe's access-control measures by use of unauthorized license and product keys was and is illegal and prohibited.  Such violations have caused and will continue to cause Adobe irreparable harm, and Adobe has no adequate remedy at law to redress any such continued violations.  Unless restrained by this Court, EveryScape will continue to violate 17 U.S.C. § 1201(a)(1).

112.    Adobe is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 1203.

<u>Count XI: Breach of Contract</u>

113.    Paragraphs 1 through 112 are incorporated by reference as if stated fully herein.

114.    On information and belief, EveryScape acquired Adobe's Photoshop CS2 and Illustrator CS2 computer programs and installed the programs on computers.  By

doing so, EveryScape accepted the terms and conditions of the applicable end-user license agreements.

115.    EveryScape breached the end-user license agreements by, at a minimum, (1) installing, using and running the Adobe Photoshop CS2 and Illustrator CS2 software on computers without Adobe's authorization, (2) circumventing the technological access-control measures that accompany Adobe Photoshop CS2 and Illustrator CS2 software on computers without Adobe's authorization.

116.    On information and belief, EveryScape has engaged in other and further actions that violate the end-user license agreements.

117.    As a direct and proximate cause of EveryScape's breach of the end-user license agreements, Adobe has suffered economic injury and damages in an amount to be proven at trial in excess of $75,000.

### Count XII: Unfair and Deceptive Trade Practices Under ch. 93A

118.    Paragraphs 1 through 117 are incorporated by reference as if stated fully herein.

119.    EveryScape is, and at all relevant times was, engaged in commerce.

120.    EveryScape's acts and/or omissions as describe above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

121.    EveryScape's business practices as alleged above constitute unfair competition and unfair business practices and business acts in violation of Mass. Gen. Laws, ch. 93A, § 11.

122.    EveryScape's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. ch. 39A.

123.    EveryScape's acts and/or omissions as described above were knowing and willful.

124.    EveryScape's unfair and deceptive trade practices damaged Adobe in an amount to be determined at trial.

125.    Pursuant to Mass. Gen. Laws, ch. 93A, § 11, Adobe is entitled to enjoin these practices.  Without injunctive relief, Adobe has no means by which to control EveryScape's acts of unfair competition.  Adobe is therefore entitled to injunctive relief prohibiting EveryScape from continuing such acts of unfair competition pursuant to Mass. Gen. Laws, ch. 93A, § 11.

<u>Count XIII: State Unfair Competition</u>

126.    Paragraphs 1 through 125 are incorporated by reference as if stated fully herein.

127.    EveryScape's business practices as alleged above constitute unfair competition and unfair business practices in violation of the common law of the Commonwealth of Massachusetts.

128.    As a direct and proximate result of EveryScape's infringing conduct, Adobe has suffered and will continue to suffer lost sales and profits in an amount to be proven at trial.  In addition, Adobe has suffered and continues to suffer injury to its business reputation and goodwill for which no adequate remedy exists at law and for which Adobe is entitled to injunctive relief.

-26-

## RELIEF REQUESTED

WHEREFORE, Adobe prays as follows:

A.    A declaration that Adobe does not infringe and has not infringed any valid claim of the '374 and '022 Patents;

B.    A declaration that the claims of the '374 and '022 Patents are invalid;

C.    That this Court deny the relief requested by EveryScape;

D.    That this Court enter judgment against EveryScape and in favor of Adobe on every Count and that EveryScape's Complaint be dismissed with prejudice;

E.    Entry of judgment holding EveryScape liable for infringement of the '905 Patent;

F.    Entry of judgment holding EveryScape liable for infringement of the '742 Patent;

G.    Entry of judgment holding EveryScape liable for infringement of Adobe's Copyrights, in violation of 17 U.S.C. § 501:

H.    Entry of judgment that EveryScape willfully infringed Adobe's rights by using software covered by Adobe's Copyrights in violation of any license to that software;

I.    Entry of judgment that EveryScape circumvented Adobe's activation and/or validation features, in violation of 17 U.S.C. § 1201(a)(1);

J.    Entry of judgment that EveryScape breached the end-user license agreements;

K.      Entry of judgment that EveryScape's business practices as alleged above constitute unfair competition and unfair business practices and business acts in violation of Mass. Gen. Laws, ch. 93A, § 11;

L.      Entry of judgment that EveryScape's business practices as alleged above constitute unfair competition and unfair business practices in violation of the common law of the Commonwealth of Massachusetts;

M.      An Order enjoining EveryScape and its officers, agents, servants, employees, customers and those in active concert or participation with any of them who receive actual notice of the order granting the injunction by personal service or otherwise, from continued acts of infringement of the '905 and '742 Patents;

N.      An Order enjoining EveryScape from:

   a.   infringing Adobe's copyrighted material; and

   b.   copying, using, offering for sale, selling, or distributing any materials copyrighted by Adobe.

O.      An Order requiring EveryScape to immediately cease all manufacturing, distribution, sale, advertising, and/or offering for sale products using Adobe's copyrighted material;

P.      An Order enjoining sales of the EveryScape WebScape product as a result of EveryScape's statutory and common law unfair competition;

Q.      Destruction or impounding of all infringing articles;

R.      An award to Adobe of damages against EveryScape for the infringement of the '905 and '742 Patents, together with prejudgment and postjudgment interest;

S.     An award to Adobe of actual damages and EveryScape's profits for copyright infringement;

T.     Actual and statutory damages and EveryScape's profits for willful infringement of Adobe's copyrights pursuant to 17 U.S.C. § 504(b) and 17 U.S.C. § 504(c);

U.     Actual and statutory damages for EveryScape's violations of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 1203(c);

V.     Damages as a result of EveryScape's breach of Adobe's end-user license agreements for Photoshop CS2 and Illustrator CS2;

W.     Damages as a result of EveryScape's common law unfair competition;

X.     Interest on all damages at the legal rate from and after the date such damages incurred;

Y.     Punitive, treble and exemplary damages pursuant to Mass. Gen. L. ch. 93A or otherwise;

Z.     An accounting for damages;

AA.     That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285;

BB.     That this Court award Adobe its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and/or 17 U.S.C. § 505 and/or 17 U.S.C. § 1203 and/or otherwise; and

CC.     That this Court award Adobe such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim-Plaintiff Adobe hereby demands a jury trial as to all issues triable by jury.

Dated:  October 17, 2011

Respectfully submitted,

By:  /s/ Adam J. Kessel
Frank E. Scherkenbach (BBO #653,819)
Adam J. Kessel (BBO #661,211)
Samuel E. Sherry (BBO #667,527)
Betty H. Chen (*pro hac vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
(617) 542-5070
scherkenbach@fr.com
kessel@fr.com
sherry@fr.com

ATTORNEYS FOR DEFENDANT
ADOBE SYSTEMS INCORPORATED

## CERTIFICATE OF SERVICE

I certify that SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS BY DEFENDANT ADOBE SYSTEMS INCORPORATED is being filed through the Court's electronic filing system on October 17, 2011, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Adam J. Kessel
Adam J. Kessel