**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | | |
|---|---|---|
| EVERYSCAPE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 10-cv-11597-JLT |
| | ) | |
| v. | ) | Hon. Joseph L. Tauro |
| | ) | |
| ADOBE SYSTEMS INC. | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY, ANSWER AND AFFIRMATIVE DEFENSES TO
SECOND AMENDED COUNTERCLAIMS
BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT EVERYSCAPE, INC.**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant EveryScape, Inc. ("EveryScape"), hereby responds to the Second Amended Counterclaims by Counterclaim-Plaintiff Adobe Systems Incorporated ("Adobe"), on personal knowledge as to its own activities and on information and belief as to the activities of others as follows.

EveryScape denies each and every allegation contained in the Counterclaims that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  EveryScape denies that Counterclaim-Plaintiff Adobe is entitled to the relief requested or any other relief.

## PARTIES

1.   EveryScape admits that Adobe is a Delaware Corporation with its corporate headquarters located at 345 Park Avenue, San Jose, California 95110.

2.   EveryScape admits that it is a Delaware corporation having its principal place of business at 65 Chapel Street, Newton, Massachusetts 02458.

3.   EveryScape admits that it makes, uses, sells and/or offers for sale in the United States, and/or imports into the United States, computer software and technology.  The remaining allegations of Paragraph 3 are vague and ambiguous, and therefore EveryScape denies them.

## Jurisdiction

4.   EveryScape admits that the Counterclaims purport to allege claims under the copyright and patent laws of the United States as enacted under Titles 17 and 35 of the United States Code and under the provisions of the Federal Declaratory Judgment Act, that this Court has jurisdiction over copyright and patent actions pursuant to 28 U.S.C. §§ 1331 and 1338, and that this Court may exercise jurisdiction over a declaratory judgment counterclaim pursuant to 28 U.S.C. §§ 2201-02.  EveryScape denies the remaining allegations of Paragraph 4.

## Venue

5.   EveryScape admits that venue in this judicial district is proper.

## Procreate Painter 7

6.   EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore denies them.

7.   EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of whether Procreate Painter 7 was on sale in the United States at least as early as July 2001, and therefore denies this allegation.  EveryScape denies the remaining allegations of Paragraph 9.

10.  EveryScape admits that it did not disclose Procreate Painter 7 to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '374 Patent or the '022 Patent, denies that the USPTO was unaware of Procreate Painter 7 during the prosecution of the '374 Patent or the '022 Patent, and further denies the remaining allegations of Paragraph 10.

11.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13.  EveryScape denies the allegations of Paragraph 13.

14.  EveryScape denies the allegations of Paragraph 14.

15.  EveryScape denies the allegations of Paragraph 15.

16.  EveryScape denies the allegations of Paragraph 16.

17.  EveryScape denies the allegations of Paragraph 17.

18.  EveryScape denies the allegations of Paragraph 18.

19.  EveryScape admits that Adobe provided EveryScape with what is purported to be a video demonstration of Procreate Painter 7 in December 2010 and that it was therefore aware of

Procreate Painter 7 "at least as early as December 10, 2010." EveryScape denies the remaining allegations of Paragraph 19.

20.   EveryScape admits that it delayed serving the Complaint in this action at Adobe's request, and that EveryScape served the Complaint on January 12, 2011, after Adobe refused a license.  EveryScape denies the remaining allegations of Paragraph 20.

## The Counterclaim Patent-in-Suit

*A.     U.S. Patent No. 7,095,905*

21.   EveryScape admits that United States Patent No. 7,095,905 ("the '905 Patent") was issued on August 22, 2006 by the USPTO, that it is entitled "Merging Images to Form a Panoramic Image," and that the listed inventor is John Peterson of Menlo Park, California. EveryScape admits that Adobe is the assignee of the '905 Patent as recorded at the USPTO. EveryScape denies that the '905 Patent was duly and legally issued, and that a copy of the '905 Patent was attached to the counterclaim.  EveryScape further denies the remaining allegations of Paragraph 21.

22.   EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22, and therefore denies them.

23.   EveryScape denies the allegations of Paragraph 23.

*B.     U.S. Patent No. 6,411,742*

24.   EveryScape admits that United States Patent No. 6,411,742 ("the '742 Patent") was issued on June 25, 2002 by the USPTO, that it is entitled "Merging Images to Form a Panoramic Image," and that the listed inventor is John Peterson of Menlo Park, California. EveryScape admits that Adobe is the assignee of the '742 Patent as recorded at the USPTO.  EveryScape

denies that the '742 Patent was duly and legally issued, and that a copy of the '905 Patent was attached to the counterclaim.  EveryScape further denies the remaining allegations of Paragraph 24.

25.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and therefore denies them.

26.  EveryScape denies the allegations of Paragraph 26.

### EveryScape's WebScape Products

27.  EveryScape admits that it offers a "WebScape," which is advertised as a virtual replica of a business.   EveryScape denies the remaining allegations of Paragraph 28.

28.  EveryScape admits that WebScapes are available for viewing from its website, including at the URL http://www.everyscape.com/local.aspx.

29.  EveryScape admits that a WebScape is a virtual replica and may include one or more panoramic images.  EveryScape denies that "[t]hese panaromic images have been created by merging images of segments of a view," and denies the remaining allegations of Paragraph 29.

30.  EveryScape admits that it has received images from at least one EveryScape "local ambassador" from a location remote to EveryScape's server and over a network such as the Internet.  EveryScape denies the remaining allegations of Paragraph 30.

31.  EveryScape denies the allegations of Paragraph 31.

32.  EveryScape denies the allegations of Paragraph 32.

33.  EveryScape admits that users of its website may access WebScapes over a network, such as the Internet, and that WebScapes may include one or more panoramic images.  The

remaining allegations of Paragraph 33 are vague and ambiguous, and therefore EveryScape

denies them.

### Adobe's Copyrights

34. EveryScape is without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 34, and therefore denies them.

35. EveryScape is without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 35, and therefore denies them.

36. The term "the copyrighted materials" is not defined with any precision that would

allow EveryScape to evaluate the allegations in Paragraph 36, and therefore EveryScape denies

them.

### EveryScape's Alleged Copyright Infringement, Violations of DMCA, and Breach of EULA

37. EveryScape denies the allegations of Paragraph 37.

38. Everyscape admits that at various times it has used Adobe software in conjunction

with its business practice, but otherwise deniese the allegations of Paragraph 38.

39. EveryScape denies the allegations of Paragraph 39.

40. EveryScape admits that Adobe's Photoshop CS2 for Windows and Adobe Illustrator

CS2 for Windows are computer programs. EveryScape is without information or knowledge as

to the extent to which Adobe's Photoshop CS2 for Windows and Adobe Illustrator CS2 are

distributed with materials "such as" various components that may limit their access and

distribution, and therefore denies the remaining allegations of Paragraph 40.

41.  EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41, and therefore denies them.

42.  EveryScape admits that the purported EULA provided in Exhibit D states that the End User may not reverse engineer, decompile, disassemble or otherwise attempt to discover the source code of the Software except to the extent you may be expressly permitted under applicable law. EveryScape is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 42, and therefore denies them.

43. EveryScape denies the allegations of Paragraph 43.

44. EveryScape denies the allegations of Paragraph 44.


**Count I: Declaratory Relief Regarding Non-Infringement of the '374 Patent**

45.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 44 above.

46.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to whether Adobe has committed acts of infringement of the '374 Patent.

47.  EveryScape denies the allegations of Paragraph 47.  Contrary to its assertions, Adobe has committed acts of willful infringement of the '374 Patent.

48.  EveryScape denies the allegations of Paragraph 48.


**Count II: Declaratory Relief Regarding Non-Infringement of the '022 Patent**

49.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 48 above.

50.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to whether Adobe has committed acts of infringement of the '022 Patent.

51.  EveryScape denies the allegations of Paragraph 51.   Contrary to its assertions, Adobe has committed acts of willful infringement of the '022 Patent.

52.  EveryScape denies the allegations of Paragraph 52.

**Count III: Declaratory Relief Regarding Invalidity of the '374 Patent**

53.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 52 above.

54.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to the validity of the '374 Patent.

55.  EveryScape denies the allegations of Paragraph 55.

56.  EveryScape denies the allegations of Paragraph 56.

57.  EveryScape denies the allegations of Paragraph 57.

58.  EveryScape denies the allegations of Paragraph 58.

59.  EveryScape denies the allegations of Paragraph 59.

**Count IV: Declaratory Relief Regarding Invalidity of the '022 Patent**

60.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 59 above.

61.  EveryScape admits that an actual controversy has arisen and now exists between Adobe and EveryScape as to the validity of the '022 Patent.

62. EveryScape denies the allegations of Paragraph 62.

63. EveryScape denies the allegations of Paragraph 63.

64. EveryScape denies the allegations of Paragraph 64.

65. EveryScape denies the allegations of Paragraph 65.

66. EveryScape denies the allegations of Paragraph 66.

**Count V: Alleged Patent Infringement of United States Patent 7,095,905**

67. EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 66 above.

68. EveryScape denies the allegations of Paragraph 68.

69. EveryScape denies the allegations of Paragraph 69.

70. EveryScape admits that Adobe has not licensed the '905 Patent to EveryScape.

71. EveryScape denies the allegations of Paragraph 71.

72. EveryScape denies the allegations of Paragraph 72.

**Count VI: Alleged Patent Infringement of United States Patent 6,411,742**

73. EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 72 above.

74. EveryScape denies the allegations of Paragraph 74.

75. EveryScape denies the allegations of Paragraph 75.

76. EveryScape admits that Adobe has not licensed the '742 Patent to EveryScape.

77. EveryScape denies the allegations of Paragraph 77.

78. EveryScape denies the allegations of Paragraph 78.

**Count VII: Federal Copyright Infringement of Adobe Photoshop CS2**

79.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 78 above.

80.  EveryScape denies the allegations of Paragraph 80.

81.  EveryScape denies the allegations of Paragraph 81.

82.  EveryScape denies the allegations of Paragraph 82.

83.  EveryScape denies the allegations of Paragraph 83.

84.  EveryScape denies the allegations of Paragraph 84.

85.  EveryScape denies the allegations of Paragraph 85.

86.  EveryScape denies the allegations of Paragraph 86.

87.  EveryScape denies the allegations of Paragraph 87.

88.  EveryScape denies the allegations of Paragraph 88.

89.  EveryScape denies the allegations of Paragraph 89.

**Count VIII: Federal Copyright Infringement of Adobe Illustrator CS2**

90.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 89 above.

91.  EveryScape denies the allegations of Paragraph 91.

92.  EveryScape denies the allegations of Paragraph 92.

93. EveryScape denies the allegations of Paragraph 93.

94.  EveryScape denies the allegations of Paragraph 94.

95.  EveryScape denies the allegations of Paragraph 95.

96.  EveryScape denies the allegations of Paragraph 96.

97.  EveryScape denies the allegations of Paragraph 97.

98.  EveryScape denies the allegations of Paragraph 98.

99.  EveryScape denies the allegations of Paragraph 99.

100.  EveryScape denies the allegations of Paragraph 100.


**Count IX: Violation of the Digital Millennium Copyright Act for Photoshop CS2**

101.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 100 above.

102.  EveryScape denies the allegations of Paragraph 102.

103.  EveryScape denies the allegations of Paragraph 103.

104.  EveryScape denies the allegations of Paragraph 104.

105.  EveryScape denies the allegations of Paragraph 105.

106.  EveryScape denies the allegations of Paragraph 106.


**Count X: Violation of the Digital Millennium Copyright Act for Illustrator CS2**

107.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 106 above.

108.  EveryScape denies the allegations of Paragraph 108.

109.  EveryScape denies the allegations of Paragraph 109.

110.  EveryScape denies the allegations of Paragraph 110.

111.  EveryScape denies the allegations of Paragraph 111.

112.  EveryScape denies the allegations of Paragraph 112.

**Count XI: Breach of Contract**

113.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 112 above.

114.  EveryScape admits that it acquired and installed Photoshop CS2 and Illustrator CS2 computer programs on computers.  The remaining allegations call for a legal conclusion which does not require an answer.  To the extent such allegations of Paragraph 114 require an answer, EveryScape denies same.

115.  EveryScape denies the allegations of Paragraph 115.

116.  EveryScape denies the allegations of Paragraph 116.

117.  EveryScape denies the allegations of Paragraph 117.

**Count XII: Unfair and Deceptive Trade Practices Under ch. 93A**

118.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 117 above.

119.  EveryScape admits that it is presently engaged in commerce. The term "at all relevant times" is not defined with any precision that would allow EveryScape to evaluate the remaining allegations in Paragraph 119, and therefore EveryScape denies them.

120.  EveryScape's admits that, to the extent it has admitted certain acts and/or omissions as described above, some of such actions and/or omissions occurred in Massachusetts. The remaining allegations call for a legal conclusion which does not require an answer.  To the extent such allegations of Paragraph 120 require an answer, EveryScape denies same.

121.  EveryScape denies the allegations of Paragraph 121.

122.  EveryScape denies the allegations of Paragraph 122.

123.  EveryScape denies the allegations of Paragraph 123.

124.  EveryScape denies the allegations of Paragraph 124.

125.  EveryScape denies the allegations of Paragraph 125.


**Count XIII: State Unfair Competition**

126.  EveryScape incorporates by reference, as if fully set forth herein, its answers to paragraphs 1 through 125 above.

127.  EveryScape denies the allegations of Paragraph 127.

128.  EveryScape denies the allegations of Paragraph 128.


Response To Relief Requested.  Adobe is not entitled to any of the relief requested in its Answer, Affirmative Defenses and Counterclaims, and should take nothing on its counterclaims. EveryScape should be awarded the relief requested in its Complaint.


**AFFIRMATIVE AND OTHER DEFENSES**

**Count V: Alleged Patent Infringement of United States Patent 7,095,905**

129.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief can be granted.

130.  Each asserted claim of United States Patent No. 7,095,905 is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without

limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

131.  EveryScape has not infringed and does not infringe, contribute to the infringement of, or actively induce others to infringe any claim of United States Patent No. 7,095,905, either directly, indirectly, or under the doctrine of equivalents.

132.  On information and belief, Adobe's claims for relief concerning United States Patent No. 7,095,905 are limited by 35 U.S.C. § 287.

133.  Adobe is precluded under the doctrine of prosecution history estoppel from asserting any construction of any valid and enforceable claim of U.S. Patent Nos. 7,095,905 to cover any method of manufacture used by, or product used, imported, sold, or offered for sale by EveryScape, or any service offered by EveryScape.

134.  Adobe is not entitled to any injunctive relief.

135.  Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.  EveryScape's activities have for some time been open and notorious.  Adobe has nonetheless brought meritless counterclaims of patent infringement in retaliation for EveryScape asserting a valid and meritorious claim of patent infringement.

136.  To the extent that the accused instrumentalities have been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

**Count VI: Alleged Patent Infringement of United States Patent 6,411,742**

137.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief can be granted.

138.  Each asserted claim of United States Patent No. 6,411,742 is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without

limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

139.  EveryScape has not infringed and does not infringe, contribute to the infringement of, or actively induce others to infringe any claim of United States Patent No. 6,411,742, either directly, indirectly, or under the doctrine of equivalents.

140.  On information and belief, Adobe's claims for relief concerning United States Patent No. 6,411,742 are limited by 35 U.S.C. § 287.

141.  Adobe is precluded under the doctrine of prosecution history estoppel from asserting any construction of any valid and enforceable claim of U.S. Patent No. 6,411,742 to cover any method of manufacture used by, or product used, imported, sold, or offered for sale by EveryScape, or any service offered by EveryScape.

142.  Adobe is not entitled to any injunctive relief.

143.  Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.  EveryScape's activities have for some time been open and notorious.  Adobe has nonetheless brought meritless counterclaims of patent infringement in retaliation for EveryScape asserting a valid and meritorious claim of patent infringement.

144.  To the extent that the accused instrumentalities have been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

**Count VII: Alleged Federal Copyright Infringement of Adobe Photoshop CS2**

145.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief can be granted.

146.  Adobe's CounterClaims are barred by release.

147.  Adobe is not entitled to any injunctive relief.

148.  Adobe's claims for relief are barred in whole or in part by the doctrine of accord and satisfaction.

149.  Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.

**Count VIII: Alleged Federal Copyright Infringement of Adobe Illustrator CS2**

150.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief can be granted.

151.  Adobe's CounterClaims are barred by release.

152.  Adobe is not entitled to any injunctive relief.

153.  Adobe's claims for relief are barred in whole or in part by the doctrine of accord and satisfaction.

154. Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.

**Count IX: Alleged Violation of the Digital Millennium Copyright Act for Photoshop CS2**

155.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief may be granted.

156.  Adobe's CounterClaims are barred by release.

157.  Adobe is not entitled to any injunctive relief.

158.  Adobe's claims for relief are barred in whole or in part by the doctrine of accord and satisfaction.

159. Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.

**Count X: Alleged Violation of the Digital Millennium Copyright Act for Illustrator CS2**

160.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief may be granted.

161.  Adobe's CounterClaims are barred by release.

162.  Adobe is not entitled to any injunctive relief.

163.  Adobe's claims for relief are barred in whole or in part by the doctrine of accord and satisfaction.

164. Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.

**Count XI: Alleged Breach of Contract**

165.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief may be granted.

166.  Adobe's CounterClaims are barred by release.

167.  Adobe's claims for relief are barred in whole or in part by the doctrine of accord and satisfaction.

168. Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.

169.  Adobe's claims for relief under Massachusetts law are preempted in whole or in part under 17 U.S.C. § 301.

**Count XII: Alleged Unfair and Deceptive Trade Practices Under Ch. 93A**

170.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief may be granted.

171. Adobe's CounterClaims are barred by release.

172.  Adobe's claims for relief are barred in whole or in part by the doctrine of accord and satisfaction.

173. Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.

174.  Adobe's claims for relief under Massachusetts law are preempted in whole or in part under 17 U.S.C. § 301.

**Count XIII: Alleged State Unfair Competition**

175.  Adobe's CounterClaims fail to state any claim against EveryScape upon which relief may be granted.

176.  Adobe's CounterClaims are barred by release.

177.  Adobe's claims for relief are barred in whole or in part by the doctrine of accord and satisfaction.

178. Adobe's claims for relief are barred in whole or in part by the doctrines of laches, waiver, implied license and/or estoppel.

179.  Adobe's claims for relief under Massachusetts law are preempted in whole or in part under 17 U.S.C. § 301.

180.  EveryScape reserves the right to assert all affirmative and other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

\\
\\
\\
\\

Dated:  December 12, 2011

By: _/s/Aaron R. Feigelson_____
John W. Kozak (admitted *pro hac vice*)
Wesley O. Mueller (admitted *pro hac vice*)
David M. Airan (admitted *pro hac vice*)
Aaron R. Feigelson (BBO #654710)
Leonard Z. Hua (admitted *pro hac vice*)

LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois  60601
Telephone:  (312) 616-5600
Facsimile:  (312) 616-5700

Attorneys for Plaintiff
EVERYSCAPE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that this REPLY, ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT EVERYSCAPE, INC. filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 12, 2011.

*/s/Aaron R. Feigelson*