UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11597-RGS

EVERYSCAPE, INC.

v.

ADOBE SYSTEMS, INC.

MEMORANDUM AND ORDER
ON ADOBE SYSTEMS, INC.'S MOTION
FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL
INFRINGEMENT AND NO INDIRECT INFRINGEMENT

August 27, 2014

STEARNS, J.

In this motion, defendant Adobe Systems, Inc., seeks partial summary judgment of no willful infringement and no indirect infringement of plaintiff EveryScape, Inc.'s United States Patents Nos. 7,327,374 (the '374 patent) and 7,593,022 (the '022 patent).

WILLFUL INFRINGEMENT

Willful infringement has both an objective and a subjective component. "To establish willful infringement, 'a patentee must [first] show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'" *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA,*

*Inc.,* 620 F.3d 1305, 1319 (Fed. Cir. 2010), quoting *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). More recently, the Federal Circuit made clear that "the threshold objective prong of the willfulness standard enunciated in *Seagate* is a question of law based on underlying mixed questions of law and fact . . . ." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.,* 682 F.3d 1003, 1005 (Fed. Cir. 2012). "If *Seagate*'s objective prong is met, 'the patentee must also demonstrate that this objectively-defined risk [of infringing activity] was either known or so obvious that it should have been known to the accused infringer.'" *Spine Solutions,* 620 F.3d at 1319, quoting *Seagate,* 497 F.3d at 1371.

Adobe argues that EveryScape has failed to come forward with clear and convincing evidence disproving Adobe's claim that its reasonable defenses preclude any ultimate finding of willful infringement. *See Spine Solutions,* 620 F.3d at 1319 (noting that the "'objective' prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement."). Even a cursory examination of the court's July 3, 2014 Memorandum and Order, ultimately denying Adobe's motion for summary judgment of noninfringement, while setting the issues of Adobe's challenge to the validity of the Clone Brush Claims and the

alleged infringement by Adobe of the Color Ratio Claims under the Doctrine of Equivalents for trial to a jury, is more than sufficient to show the objective reasonableness of Adobe's asserted defenses. *See Advanced Fiber Techs (AFT) Trust v. J & L Fiber Servs., Inc.,* 674 F.3d 1365, 1377-1378 (Fed. Cir. 2012). Since EveryScape, as a matter of law, is unable to demonstrate the objective unreasonableness prong of a claim of willful infringement, there is no necessity for the court to consider the subjective prong. Summary judgment will therefore be granted to Adobe on the willfulness claim.[1]

---

[1] EveryScape urges the court to instead adopt the approach approved by the Federal Circuit in *Bard,* 682 F.3d at 1008 ("In considering the objective prong of *Seagate,* the judge may when the defense is a question of fact or a mixed question of law and fact allow the jury to determine the underlying facts relevant to the defense in the first instance, for example, the questions of anticipation or obviousness."). In doing so, EveryScape overstates the burden on Adobe in this regard, that is, "the movant must establish that no reasonable fact-finder could find willful infringement." Pl.'s Opp. at 8. This attempt to restate the burden of proof conflates the objective and subjective prongs of willfulness. Here, the assessment of the merits of Adobe's invalidity and noninfringment defenses involves no factual findings regarding Adobe's state of mind. The objective exercise rather is purely one of law. As the Federal Circuit continued in *Bard*, "the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge." 682 F.3d at 1008. So it is to be decided here.

## INDUCED AND CONTRIBUTORY INFRINGEMENT

Proof of induced infringement requires a showing by clear and convincing evidence of direct infringement coupled with a specific intent on the part of the alleged infringer to encourage another's infringement. *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). Because of the requirement of specific intent, the infringer must be shown to have known (or to have had reasons to know) that the induced acts constituted infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Contributory infringement, which is another species of indirect infringement, "imposes liability on one who embodies in a non-staple device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

With respect to induced infringement, Adobe makes two arguments: (1) that it had no pre-filing knowledge of EveryScape's patents; and (2) that it had a good faith belief post-filing that its Vanishing Point product was noninfringing. With respect to contributory infringement, Adobe argues that Vanishing Point has numerous substantial noninfringing uses other than the function of the accused Clone Stamp.

EveryScape, for its part, marshals evidence that a jury might find, consistent with the failings of the defendant in *Global-Tech*, probative of a head-in-the-sand policy on the part of Adobe with respect to knowledge of EveryScape's patents. (A jury might also find less than convincing Adobe's efforts to distance itself from its patent lawyers' knowledge of EveryScape's '374 patent.). Good faith, the second arrow in Adobe's noninducement quiver, is, of course, a quintessential issue of fact and does nothing to advance Adobe's position on summary judgment. This is not to say that EveryScape's evidence on this issue is strong, but for the time being, it survives.

The contributory infringement claim stands on different footing. I agree with Adobe that Dr. Bystrom's deposition testimony admitting that Vanishing Point contains at least eight tools besides the Clone Stamp tool that perform independent functions defeats this claim, notwithstanding statements in Dr. Bystrom's Opening Report that might be read as taking the position that these tools are "'separable features' used as a component of an overall system." Pl.'s Opp. at 19. "When an interested witness has given clear answers to unambiguous questions, [s]he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the

testimony is changed." *Colantuoni v. Alfred Calcagni & Sons, Inc.,* 44 F.3d 1, 4-5 (1st Cir. 1994).

ORDER

For the foregoing reasons, Adobe's motion for summary judgment on the issue of willful infringement is <u>ALLOWED</u>.  Adobe's motion for summary judgment on the issue of indirect infringement is <u>ALLOWED</u> as to contributory infringement and <u>DENIED</u> as to induced infringement.  The Clerk will set the case for trial to commence at 9:00 a.m., on October 14, 2014.  It is the court's practice to set strict time limits in civil cases.  To this end, the parties will submit within fourteen (14) days of the date of this decision the estimate of the number of hours each anticipates for the trial of its case, exclusive of the opponent's cross-examination of its own witnesses, the empanelment proceedings, opening statements, and closing argument.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE